James J. Durham | CA NO. 22-01606-GBW

V.

L.T. Orlando DeJesus
Warden Robert MAY
L.T. Robert Heishman
Sr. Counslor EMANi Dorelus
Mental Health Clinician Markeeta Wright
STAFF SerGent Boston/Clark



FILED
JAN 26 2023
US DISTRICT COURT
DISTRICT OF DELAWARE

## AMENDMENT

date: 1-16-23

JAMES J. DURHAM
SBI# 432835
1181 Paddock Road
Smyrna, De 19977

CA NO. 22-01606-GBW

THIS AMENDENT IS FOR THE case # on the Face OF the 1983 AMENdent. For the constitutional violations suffered, on the original civil complaint that is 13 pages long, numbered from 1 to 13

Previous Motion is cited in this amendment and was refferred to by the pages cited herein, as to arguements, policy violations, and certain actions that took place

I do not have law license so please understand that i should not be held to an attorney skill practice.

Thank you.



FILED
JAN 26 2023
US DISTRICT COURT
DISTRICT OF DELAWARE

## LEGAL QUESTION

Was my Fourteenth Amendment Due Process Rights against the deprivation of a state-created Liberty Interest, along with my rights under Article I § 7 of the DE. Constitution, violated when I wasn't afforded impartial decision making body, and the failure to present evidence against me, hand writing expert for hand writing analysis alledgly done and the evidence compared to the unknown letter that provides the identical proof that it was me, as the writer. For the Bribery Disciplinary Infraction. Previously stated page 10-11)

## LEGAL STANDARD

Due process prohibits the deprivation of a prisoner's Liberty Interest at a Disciplinary Hearing unless the prisoner is given: (1) an impartial Decision-Making Body, (2) to present evidence against, which is a right... ERSKINE V. DEMATTEIS, 2021 U.S. Dist. Lexis 200970 A 10 (D.DEL.), WOLFF, At 563-572

## LEGAL ARGUMENTS - MERITS

The facts pertaining to this claim have been previously stated. At page 10-11



FILED
JAN 26 2023
US DISTRICT COURT
DISTRICT OF DELAWARE

prisoners HAVE A Right To certain procedural protections when they Face THE LOSS OF A LEGALLY Cognizable Liberty Interest. WOLFF, AT 566-67; PRICE, AT *11.

SANDIN STATES PRISONERS should only BE Found To HAVE Liberty INterest iN THREE CIRCUMSTANCES.... (2) WHEN THE CHAllENGed action CAUSES THE PRISONERS TO SPEND MORE TIME IN PRISON 515 U.S. AT 484.

PER CLAUSE (2) OF THE SANDIN ANALYSIS, I HAVE BEEN Found To have Liberty interest By THE Lost OF My earned Security level medium security AND the NEGATIVE EFFECTS OF THE FALSE disciplinary conviction AND indeFinitE Administration SEGREGATION will have ON MY SENTENCE AND upcoming EARLY RELEASE HEARINGS.

Liberty INterest THAT WERE created By 11 DEL.C. § 4217 AND § 4381-4384 AND THE DELAWARE PARDON Board Rules.

THE FACT THAT DOC is EQUATING MY ACTIONS To MAX Security through A conviction with False implications that deprived my med security. Highly unlikely THAT EARLY RELEASE will Be Granted. To MENtion the NEGATIVE STIGMA MAX-Security already has ON THESE BOARds. WILKINSON, AT 223. (parole INELIGIBility was ONE Factor MAKING placement iN SUPERMAX" Prison A deprivation of A Liberty iNterest).

A Liberty interest was also created by D.O.C 4.2. Policy § VI. J., K., M., N., and Class I Hearings: All Hearings SHALL BE Conducted By AN IMPARTIAL HEARING OFFICER, RULES PROMULGATED By D.O.C Pursuant To It's Authority Granted by 6535. BROWN, 730 F. Supp. AT 614.

Because D.O.C LT. DEJESUS Disciplinary infraction against me with Fabrication, Evidence NEVER presented To pursue A infraction in regards To the procedural due process, which THE HEARING OFFICER used THAT To SUBSTANTIATE THE CONVICTION, ALSO

By Allowing THAT BIASNESS To TAINT THE Disciplinary Proceedings, I was not Afforded AN impartial - DECISION making BODY NOR present evidence against me regarding the hand writing analysis and expert which ONE would be licensed. See At Class 1 Hearings inmates Rights, entitled To DOC 4.2 Policy PG #1

This hendered my population medivem status, used against my classification, when i had this infraction prior To classification review and approved To population medivem status. THEN, unlawfully classified 2wks later back To MAX Security without getting in trouble, For this same infraction. Which negate good time, jobs, rehabilitation, For early Release.

As A Result, I WAS subjected To spend more TIME in prison And My due PROCESS Rights under THE FourTeeNth AMENdMENt ANd ART. I § 7 OF THE DE. Const. WERE ViOLATEd.

## LEGAL QUESTION

Did D.O.C. officials EXERCISE AN ARBiTrary, Capricious, AND Retaliatory Abuse OF DEScretion, ALONG with Deliberate - indifference, wHEN they ignored THE DOC policy / STATutory / Constitutional violations, DENiEd OR FAiled To Respond To my Appeals And Administrative REVIEWS, And submitted a max- Security classification, LOAP sanctions, without THROUGH - Investigation and all claims collectively of the L.T. DEJesus Targetting, vendetta, Harrassment, abuse ON MENtally Ill iNmates, With Retailiation. PREVIOUSLY STATEd page 12) SEE grivences Exzibit 1

## LEGAL STANDARD

Bureau of Prisons Policies ARE 3.3 governored by 11 Del.C. § 6527, § 6529 - § 6533, DEPARTMENT OF corrections Policy 4.6, Department OF correction Policy 8.60, Bureau oF Prisons Procedure 8.60, PRISON RAPE Elimination Act § 115.42



Also, Bureau of Prisons Policy are Governed by 11 Del. C. § 4382, § 6517, § 6535; 29 Del. C. § 8903; D.O.C Policy 4.2., D.O.C Policy 8.30 BoP Policy 4.2, inTeraLia.

## LEGAl Arguments - Merits

THE FACts Pertaining To this Claim HAVE BEEN Previously stated see PaGE 12 Also see: Classification At PaGE 4-7, Also Disciplinary at 10-12 THE cited D.O.C Policy 4.2 and 3.3 DUE Process violations.

THERE is clear and convincing evidence THAt NuMERous violations Were committed. I MADE D.O.C aware oF those violations Through Grivences, appeals, and administrative Reviews. Also, see Affidavitts, Exhibits A & B, Letters Forward. Attached to the 1983 complaint.

Deputy warden Parker AND Hollins Worth, warden MAY, Commisioner Hudson OFFice, STACY Hollis, they Either neglected, Failed OR Refused To Conduct a THROUGH Independent investigation into my into my disciplinary violations and classification violations.

As a side note, it is counterintutive to expect warden MAY, to conduct a thoorough investigation when he would initiated through (Internal AFFairs L.T. DeJesus) who the complaint is against by the Plaintiff here, In which Plaintiff addressed the warden May, of many times. In which the pursued False Disciplinary action motivated with False evidence From L.T DeJesus. THAT the warden neglected to correct. I EXHAUSt My administrative Remedies.

Because D.O.C officials exercised an Arbitrary, Capricious, and Retaliatory Abuse of Decretion, Along with Deliberate Indifference, when they Failed To conduct A thorough investigation into my disciplinary proceedings, they were personally involved in the violations of my First amendment Rights To Free speech And seek Government Redress of Grievances.

They were Also personally Involved in the Retaliation Against me For the Exercise of those First Amendment Rights, in the violations of my Fourthteen Amendment Due Process Rights To Advanced written notice And my Rights Against the Deprivation of A state Created Liberty interest, Along, with my Right under ART. I § 7 and 16 of the DE. Const. Plus numerous statutory And D.O.C policy violations. See DOC 4.2 PG. 5 § II.E) Retailiation

Personal involvement can be shown if: (1) the defendant directly participate in the alleged constitutional violation, (2) the defendant, After being Informed of the violations through A Report or Appeal, Failed To Remedy the wrong, And (3) the defendant Exhibited Deliberate Indifference to the Rights of inmates by Failing to Act on Information indicating that

unconstitutional acts were occuring. ASHCROFT V. IQBAL, U.S. 129 S.CT. 1937, 1949 (2009).

Such involvement may be shown through allegations of personal direction or actual knowledge and acquiesence. EVANCHO V. Fisher, 423 F.3d 347, 353 (3d. cir. 2005)

Officials who review individual disciplinary proceedings may be held liable if they do not correct due process violations of which they have notice LEWIS V. Smith, 855 F.2d 736, 738, 11th cir. 1988)

Where discipline is unconstitutional for substantive reasons (e.g. conduct is constitutionally protected), all those who review and approve the discipline may be held liable. WILLIAM V. BITNER, 359 F. Supp. 2d 370, 377 (M.D. Pa. 2005).

L.T. Hiesman Failed to protect my rights and due process at the disciplinary hearing as the hearing officier. He considered the testimony by L.T. DeJesus of evidence of handwriting anaylisis that was never done or presented at the hearing, which L.T. DeJesus said was done. Also, he never presented no statement in the Disciplinary report, one was done, he can not bring up accusations of evidence without presenting it. It must be in writing for denying documentation for evidence i wanted to challange see(DO4.2 Policy Pb8 at 6) couldnt properly confront accusser because i couldnt challange the handwriting evidence because it was not at hearing see(DO.C 4.2 Pb8 at 9)

# MOTIONS

I NOW MOTION THE COURT FOR:

(A) <u>Appointment of Counsel</u> - To further investigate and substantiate these claims.

(B) <u>Discovery</u>

For my complete Institutional File - SBI#00432835

To Produce:

A. All video footage and pictures of CAMERA used as evidence in my conviction DR#1130778 to support my accusations

B. Disciplinary Record, from my classification 6-27-22 that was approved and 7-15-22, when I was reclassified to show no new ~~evidence~~ Infractions that justify reclassifying me from initial approval.

C. Classification Records to show my medium status of my commutation eligibility for TIS/Modification.

D. Mental Health/medical Records to produce my complaints to them about advanced mental depression and emotional distress. From Harrassment, Targeting, retailiation of write up's because exercise my complaints.

# CONCLUSION

Wherefore, I Humbly Request That for D.O.C Official's violating D.O.C policy's, statutory Laws, AND The U.S. and DE. Constitution, This Court grants this complaint

and the Following Relief.

1) Expunge THE disciplinary conviction DR# 1130526 and All write up's pursued by L.T DeJesus, iF Found liable for his behaviors oF malicous targetting, Retaliation, Plaintiff alledge herein

2) Returned ME back to My previous status medivem status housed in Med Security, out oF MAX.

## DECLATORY –

DECLARE THAT MY First AMENDMENT ANd Fouthteen Amendment Rights, ALONG with my Rights under ART. I § 7 AND 16 OF THE DE. CONST. WERE violated AND IM ENtitled TO BE Returned BACK TO MY PREVIOUS STATUS.

I/M
SBI# 730635    1 B10

**DELAWARE DOC - 1101**
**PO BOX 96777**
**LAS VEGAS, NV  89193**



US POSTAGE
ZIP 19977  $001.50
02 4W
0000376167 JAN 24 2023



FILED
JAN 26 2023
US DISTRICT COURT
DISTRICT OF DELAWARE



U.S.M.S.
[X-RAY]

Office of The Clerk
United States District Court
844 N. King St. Unit 18
Wilm, De 19801-3570