# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JAMES J. DURHAM,                          :
                                          :
                    Plaintiff,            :
                                          :
        v.                                : Civ. No. 22-1606-GBW
                                          :
STAFF LT. ORLANDO                         :
DEJESUS, et al.,                          :
                                          :
                    Defendants.           :

James J. Durham, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

Luciana Marie Parker and Sarah Anne Fruehauf, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

## **MEMORANDUM OPINION**

February 16, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.  INTRODUCTION

Plaintiff James J. Durham, an inmate incarcerated at the James T. Vaughn

Correctional Center in Smyrna, Delaware, filed this case in the Superior Court of

the State of Delaware for New Castle County, and Defendants removed it to this

Court.  (D.I. 1).[1]  Plaintiff proceeds on his Amended Complaint.  (D.I. 6).[2]  Before

the Court is Defendants' motion to dismiss.  (D.I. 11).  The matter is fully briefed.

## II.  BACKGROUND

Plaintiff alleges that he was deprived due process at a disciplinary hearing

where he was found guilty of various charges.  As a result of being found guilty, he

was reclassified from medium custody security status to "Emergency Classified."

---

[1] One Defendant, Markeeta Wright, has not appeared in this action, and did not join Defendants' removal.  One requirement of removal based on original jurisdiction is that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A)  However, the failure of every defendant to join or consent to removal is a "defect in [the] removal procedure," but is not considered jurisdictional.  *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).  Here, Plaintiff did not file a motion to remand.  The Third Circuit has held that, absent a timely filed motion to remand, district courts lack authority to remand sua sponte based on procedural defects in a removal.  *See In re FMC Corp. Packaging Systems Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (holding "that the District court exceeded its authority . . . [by] remand[ing] these actions, *sua sponte*, based on what it identified as procedural defects in the petition for removal").

[2] Although an amended complaint generally entirely supersedes previous complaints, the Court has also considered Plaintiff's claims and allegations in his original Complaint.

He further alleges that having been found guilty and reclassified will impact his "sentence and upcoming early release hearings" by making it "highly unlikely that early release will be granted." (D.I. 6 at 4).

Plaintiff also brings a retaliation claim based on "a continuous pattern of vindictiveness, antagonizing, display of harassment" and a "hidden agenda to stagnate [Plaintiff's] forward progress as to security custody movement even to the point of putting plaintiff's life in danger by slander his name and [integrity]." (D.I. 1-1 at 15). Finally, Plaintiff brings a defamation claim based on Defendant Orlando DeJesus loudly calling Plaintiff his biggest snitch, which put a "target" on Plaintiff for other inmates.

Plaintiff requests injunctive and declaratory relief. He also moves for appointed counsel and discovery.[3]

### III.   LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

---

[3] Several of the relevant factors weigh against appointing counsel at this phase of these proceedings, most notably that Plaintiff's claims appear to lack merit. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153-57 (3d Cir. 1993).

2

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct

alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.   DISCUSSION

With regard to Plaintiff's due process claim, it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). *See also Sandin v. Conner*, 515 U.S. 472, 480 (1995).

4

Plaintiff can succeed under the Due Process Clause only if state law or regulation has created a constitutionally-protected liberty interest in security classification. However, neither Delaware law nor Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* 11 Del. C. § 6529(e). Plaintiff's claim accordingly fails. Amendment is futile as to this claim.[4]

Plaintiff's retaliation claim fails because he did not plead allegations satisfying the key elements of a retaliation claim, most notably that he had engaged in conduct protected by the First Amendment and Defendants' actions were motivated by that conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) ("In order to establish illegal retaliation for engaging in protected conduct, [plaintiff] must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him.") (footnote omitted). Plaintiff will be given leave to amend his retaliation claim.

---

[4] Because Plaintiff's allegations against Defendant Wright pertain to his due process claim only, she will be dismissed.

5

Plaintiff's defamation claim fails because verbal abuse or defamation of a prisoner is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott*, 347 F. App'x 731, 731-32 (3d Cir. 2009) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("[D]efamation is not a deprivation of liberty within the meaning of the due process clause.")). To the extent this was meant to be a failure to protect claim, it fails because Plaintiff failed to show that harm befell him based on Defendant DeJesus loudly calling him a snitch. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm.") (citations omitted), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). Plaintiff will be given leave to amend a potential failure to protect claim.

## V.   CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss and give Plaintiff leave to amend his retaliation and failure to protect claims.

The Court will issue an Order consistent with this Memorandum Opinion.